**Megi MULOSMANI, Elsa Mulosmani, Petitioners,**

**v.**

**Alberto R. GONZALES,[1] Respondent.**

**Nos. 04–2323–ag(L), 04–2325–ag(con).**

United States Court of Appeals, Second Circuit.

Dec. 1, 2006.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Robert J. Pures II, New York, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney, Western District of North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Elsa Mulosmani and her minor daughter Megi, natives and citizens of Albania, seek review of an April 23, 2004 order of the BIA summarily affirming Immigration Judge ("IJ") Jeffrey S. Chase's December 6, 2002 decision denying Mulosmani's ap-

plications for asylum and withholding of removal in asylum-only proceedings. *In re Elsa Mulosmani, Megi Mulosmani,* Nos. A79 299 385, A79 299 386 (B.I.A. Apr. 23, 2004), *aff'g* A79 299 385, A79 299 386 (Immig. Ct. N.Y. City Dec. 6, 2002).[2] We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, although Mulosmani is challenging the denial of relief in asylum-only proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 135 (2d Cir. 2006). When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews *de novo* the IJ's findings concerning the legal sufficiency of the evidence, as they present questions regarding the application of law to fact. *Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

▌ As an initial matter, the IJ's failure to articulate a standard under which he was analyzing Mulosmani's claim of past persecution was error. *See Beskovic v. Gonzales,* 467 F.3d 223, 227 (2d Cir.2006). However, remand would be futile, because it can be confidently predicted that, articu-

---

**2.** Megi Mulosmani was included as a deriva-    tive beneficiary in her mother's application.

lating and applying the proper standard, the IJ would again reach the conclusion that Mulosmani did not establish past persecution. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006) (holding that "an error does not require a remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error").

In *Matter of Acosta*, 19 I. & N. Dec. 211, 222, 1985 WL 56042 (B.I.A.1985), the BIA interpreted past persecution to mean "harm or suffering inflicted upon an individual in order to punish him for possessing a belief or characteristic a persecutor sought to overcome." This Court has previously explained that while persecution must rise above mere harassment, it is not limited to threats to life or freedom; non-life-threatening violence and physical abuse can also fall within this category. *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004). Furthermore, economic deprivation may constitute persecution under some circumstances, but petitioner must offer some proof that she suffered "deliberate imposition of substantial economic disadvantage." *Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (internal quotation marks omitted). While Mulosmani testified that her husband was fired from state employment and was beaten by Socialist Party activists, she did not claim that she had ever been physically or economically harmed. As there is no evidence in the record indicating that Mulosmani was subjected to physical, emotional, or economic harm on account of her Democratic Party affiliation or activities, remand would be futile despite the IJ's failure to articulate a clear standard for adjudicating Mulosmani's past persecution claim.

■ The IJ's finding that Mulosmani did not establish a well-founded fear of future persecution was supported by substantial evidence. He correctly noted that current country conditions in Albania do not support her claim of fear of future persecution on account of her membership in the Democratic Party, as a State Department report in the record indicates that all political parties in Albania have been active without a pattern of mistreatment since 1997.

Substantial evidence thus supports the IJ's denial of asylum. Because Mulosmani was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

■ Both parties argue the merits of Mulosmani's CAT claim in their briefs to this Court. However, Mulosmani did not present a CAT claim before the IJ. Under 8 U.S.C. § 1252(d)(1), a court can only review a final order of removal if the alien has exhausted all administrative remedies available to the alien. *See Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004). As this Court held in *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005), 8 U.S.C. § 1252(d)(1) bars "the consideration of bases of relief that were not raised below...." *Cf. Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 115 n. 17 (2d Cir.2006) (preserving distinction between issues and categories of relief). Because Mulosmani never presented a CAT claim to the agency for adjudication, this Court lacks jurisdiction to consider the claim.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.